Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone:   559.256.7800
Facsimile:   559.449.4535

Attorneys for Defendant CITY OF DELANO

Randall Martin Rump, Bar No. 232235
rmrlaw10@sbcglobal.net
LAW OFFICE OF RANDY RUMPH
1401 19th Street, Suite 117
Bakersfield, CA 93301
Telephone: (661) 322-4600

Attorney for Plaintiff ANITA GONZALEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN MONIZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF DELANO, CALIFORNIA;<br>DOES 1 through 100,<br><br>　　　　　Defendant. | Case No.: 1:13-CV-00093 AWI/JLT<br><br>**JOINT SCHEDULING REPORT**<br><br>Date:　　May 8, 2013<br>Time:　　8:30 a.m.<br>Courtroom: Magistrate Jennifer L. Thurston<br><br>**[Defendant's Counsel to Appear Telephonically]** |

　　　　Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Magistrate Judge Jennifer L. Thurston's Order Setting Mandatory Scheduling Conference, the parties hereby file this Joint Scheduling Report. Plaintiff Robin Moniz is represented by Randall M. Rumph of the Law Office of Randy Rumph; Defendant City of Delano ("City") is represented by Jesse J. Maddox of Liebert Cassidy Whitmore.

## I.
## SUMMARY OF FACTUAL AND LEGAL CONTENTIONS

**A.　Plaintiff's Factual and Legal Contentions.**

　　　　Plaintiff alleges that her supervisor made inappropriate sexual remarks to her while

working for the City of Delano as a crime prevention officer. Her duties as a crime prevention officer involved making presentations outside the office, and also working in an air conditioned office when she was not making such presentations. After she complained about her supervisor's overtly sexual comments to her, Chief DeRosia moved Robin to a different position, in a different location, with much more arduous duties. The position was referred to as an Emergency Services Specialist and the location was at a quonset hut building without air conditioning or water. The building itself was made of metal. Robin's duties changed significantly to moving fifty-pound boxes of protective personal equipment, other heavy boxes, and metal piping, along with fax machines. While engaging in these new strenuous job requirements, Robin was injured on the job and suffered an injury to her spine, neck, and shoulders. Besides the physical injuries, Robin suffered significant psychological injuries as well. She was forced to take time off work and is still off work. Plaintiff needed surgery on her neck. An EKG was performed that indicated she was not fit for surgery. Plaintiff needed to see a cardiologist to get fit for surgery. The cardiologist would not clear her for surgery without an angiogram. The City refused to pay for an angiogram and a lengthy, protracted battle ensued over who should pay for the angiogram. Plaintiff eventually had to go to the ER on her own due to chest pains and an angiogram occurred then. Medical paid for this. The angiogram came back clear and the cardiologist agreed that surgery could occur, but by that time the surgeon said it was too late and the damage to Plaintiff's nerves was irreversible. To date, she had not had surgery to correct her nerve damage in her shoulder and it appears it is too late for this.

While recuperating, she received notice from the City that she was about to be terminated. This resulted in correspondence from counsel to the City. The City then engaged in a belated interactive process and then claimed they could not accommodate her which was untrue. Plaintiff then was terminated.

The termination came on the heels of her testimony in the case of Elizabeth Sutton v. City of Delano, et al, Case No. 1:11-CV-01426-LJO-JLT. Her testimony was given on July 12, 2012, and she signed a declaration on August 14, 2012 in support of Sutton. Her testimony was instrumental in a motion for summary judgment being denied. Plaintiff was terminated on

November 27, 2012.

Plaintiff alleges that her complaint about her supervisor is protected by Title VII and FEHA. She alleges that she suffered retaliation because of that complaint by being transferred to a new position, in a new building without water or air conditioning, and with physical labor demanded of her. That retaliation resulted in substantial damage to her spine and shoulders for which the City is liable under Title VII and FEHA. It has also resulted in substantial emotional distress and mental anguish for which she has been receiving treatment.

Plaintiff also alleges she was terminated without the city engaging in a good faith interactive process, and her termination was motivated by her physical disability.

Finally, Plaintiff alleges that her testimony in the Sutton case also motivated her termination.

**B.    Defendant's Factual and Legal Contentions.**

Defendant denies any and all liability whatsoever to Plaintiff. Defendant contends that all of its actions toward Plaintiff were taken in good faith, not for any unlawful reason, and not in violation of any statutes.

The City hired Plaintiff on September 28, 2009 as a Community Services Officer in its Police Department. Soon after she was hired, her husband suffered a terrible injury that left him immobilized. Although Plaintiff had not worked long enough at the Department to have accumulated any leave, Police Chief Mark DeRosia allowed her to take time off to care for her husband. This was the first of several examples of how accommodating the City was during Plaintiff's short employment period.

At all times during her employment at the City, Plaintiff worked with Community Services Officer Eddie Aguil. In December 2009, Chief DeRosia moved Mr. Aguil and Plaintiff into the office adjacent to his. They had not previously shared an office. After moving into the office, Plaintiff began to complain about Mr. Aguil, a homosexual. Plaintiff told people she did not agree with his lifestyle, but complained about him using religious discrimination as a guise.

In July 2010, Plaintiff made a complaint. At the same time, Chief DeRosia offered her a promotion, which included a pay raise and allowed her to move away from Mr. Aguil at the

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Police Department to the Armory. Plaintiff voluntarily accepted the promotion, in writing. Shortly after she began at the Armory, Plaintiff told Chief DeRosia it was hot at he Armory, and he bought her a fan. She never asked to leave the armory, and instead worked there for less than a week before she left work, never to return. Her last day of work was August 5, 2010.

Plaintiff remained a City employee for almost two more years, despite never returning to work. The City repeatedly accommodated her by granting her additional leave. In 2012, the City could not continue extending her leave and holding her position open, and as a result, the City attempted to have an interactive dialogue with Plaintiff. Plaintiff failed to cooperate in the interactive process, and as a result, the City moved forward with separating her employment. Plaintiff elected not to participate in that process either, and chose not to appeal her separation.

The City has gone to great lengths to treated Plaintiff fairly. At no time has the City retaliated against her or discriminated against her because of her alleged disability.

## II.
## PROPOSED AMENDMENTS TO THE PLEADINGS

**A.   Plaintiff's Proposed Amendments.**

None at this time.

**B.   Defendant's Proposed Amendments.**

None at this time.

## III.
## SUMMARY OF UNCONTESTED AND CONTESTED FACTS

**A.   Uncontested Facts.**

1. At all relevant times, Mark DeRosia was the Chief of Police at the City of Delano.
2. The City hired Plaintiff on September 28, 2009.
3. Plaintiff's last working day at the City was August 5, 2010.

**B.   Plaintiff's Contested Facts.**

1. Whether Plaintiff's job change from crime prevention officer to Emergency Services Specialist involved retaliation for her complaints about her supervisor.
2. Whether Plaintiff suffered damages as a result of the job transfer

    3.    Whether Plaintiff's testimony in the Sutton case was a motivating factor in her termination.

    4.    Whether Defendant City failed to engage in the interactive process in good faith in relation to Plaintiff's disability.

    5.    Whether Plaintiff's disability was a motivating factor in her termination.

**C.  Defendant's Contested Facts.**

    1.    Aside from the undisputed facts listed above, all material allegations in Plaintiff's Complaint.

    2.    Whether Plaintiff was forced to move to the Armory.

    3.    Whether Plaintiff suffered mental or physical injuries as a result of the allegations in the Complaint.

    4.    Whether Plaintiff participated in good faith in the interactive process.

    5.    Whether Plaintiff could perform the essential functions of her position with or without accommodations.

## IV.
## SUMMARY OF UNDISPUTED AND DISPUTED LEGAL ISSUES

**A.  Undisputed Legal Issues.**

    1.    Jurisdiction and venue are proper.

**B.  Plaintiff's Disputed Legal Issues.**

    1.    None.

**C.  Defendant's Disputed Legal Issues.**

    1.    All legal issues raised in Defendant's above-noted factual and legal contentions.

    2.    All legal issues raised in Defendant's above-noted contested facts.

    3.    Whether Plaintiff engaged in protected conduct.

    4.    Whether Plaintiff suffered adverse employment action because she engaged in protected conduct.

    5.    Whether Plaintiff can prove a prima facie case of retaliation under the Fair Employment and Housing Act (Cal. Gov't Code, § 12940 et seq.).

    6.    Whether Plaintiff can prove a prima facie case of retaliation under Title VII of the

Civil Rights Act of 1964.

7. Whether Plaintiff was disabled.

8. Whether Plaintiff could perform the essential functions of her position with or without reasonable accommodation.

9. Whether Plaintiff suffered adverse employment action because of her disability.

10. Whether Plaintiff can prove a prima facie case of disability discrimination.

11. Whether Plaintiff can prove a prima facie case of FMLA retaliation.

12. Whether Plaintiff exhausted her administrative remedies.

13. Whether Plaintiff is entitled to attorneys' fees.

## V.
## STATUS OF MATTERS PRESENTLY SET BEFORE THE COURT

There are currently no matters set before the Court.

## VI.
## DISCOVERY PLAN

The parties met and conferred pursuant to FRCP 26. They have agreed to exchange FRCP 26(a)(1) initial disclosures on May 22, 2013.

**A.    Plaintiff's Discovery Plan.**

1. Plaintiff intends to engage in written discovery and take depositions. Plaintiff does not anticipate changes in the FRCP discovery limits.

**B.    Defendant's Discovery Plan.**

1. Defendant intends to notice Plaintiff's deposition after the parties exchange their Initial Disclosures. Defendant requests that it be allowed to take Plaintiff's deposition prior to Plaintiff taking any depositions in this matter.

2. Defendant anticipates noticing and taking 3-4 additional depositions. Defendant anticipates propounding a first set of interrogatories, requests for production of documents, and requests for admissions. Defendant intends to conduct additional written discovery related to the above-described factual and legal contentions and related to its affirmative defenses.

3. Defendant does not anticipate any proposed changes to the FRCP discovery limits.

4. Defendant anticipates that, if Plaintiff requests confidential information concerning

third parties or law enforcement personnel information, a protective order will be necessary.

5. Defendant is not aware of any other issues that must be brought to the Court's attention at this time regarding the timing, form, sequencing, phasing, or scheduling of discovery.

6. Subjects on which discovery may be needed include, but are not limited to, all of the subjects set forth above under Defendant's factual and legal contentions, Defendant's contested facts, and Defendant's disputed legal issues, all relating to Plaintiff's allegations in the Complaint.

## VII.
## DATES AGREED TO BY COUNSEL

| | |
|---|---|
| Exchange of Initial Disclosures (FRCP 26(a)(1)) | May 22, 2013 |
| Proposed Trial Date | May 15, 2014 |
| Pre-trial conference | April 15, 2014 |
| Settlement Conference | March 17, 2014 |
| Deadline for Filing Dispositive Motions | February 5, 2014 |
| Deadline for Non-Dispositive Motions | March 5, 2014 |
| Non-Expert Discovery Completion Date | February 3, 2014 |
| Disclosure of Expert Witnesses | March 15, 2014 |
| Expert witness discovery completion date | April 1, 2014 |
| Mid-Discovery Conference | September 2, 2014 |

## VIII.
## SETTLEMENT DISCUSSIONS

The parties have not engaged in significant settlement discussions, although they briefly discussed settlement during the Rule 26 conference. Settlement is unlikely at this point. The parties request that the Settlement Conference occur after discovery.

## IX.
## JURY TRIAL

Plaintiff requests a jury trial. Defendant does not request a jury trial.

Joint Scheduling Report

# X.
# TIME REQUESTED FOR TRIAL

The parties agree that trial in this matter will take 4-6 days.

# XI.
# BIFURCATION

The parties do not presently anticipate the need for any issue to be bifurcated in this matter.

# XII.
# RELATED MATTERS

There are currently no related cases pending in this Court.

Dated: May 2, 2013                    Respectfully submitted,

                                      LIEBERT CASSIDY WHITMORE

                                By:   _____/S/_____
                                      Jesse J. Maddox
                                      Attorneys for Defendant CITY OF DELANO

Dated: May 2, 2013                    Respectfully Submitted,

                                      LAW OFFICE OF RANDY RUMPH

                                      _____/S/_____
                                By:   Randall M. Rumph
                                      Attorney for Plaintiff ROBIN MONIZ