UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN MONIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF DELANO, CALIFORNIA,<br><br>    Defendant. | Case No.: 1:13-cv-00093 - JLT<br><br>ORDER DISMISSING PLAINTIFF'S THIRD, FOURTH, AND FIFTH CLAIMS FOR RELIEF<br><br>ORDER VACATING THE HEARING DATE OF JUNE 30, 2014 AND DIRECTING THE PARTIES TO FILE SUPPLEMENTAL BRIEFING |

Defendant City of Delano, California, filed a motion for summary judgment on May 19, 2014. (Doc. 24.)  In her opposition to the motion, Plaintiff asserted that she was "abandoning her claims other than her 1st and 2nd claims for relief." (Doc. 25 at 1.)  Accordingly, Plaintiff's third, fourth, and fifth claims for relief are **DISMISSED**.

Plaintiff's remaining claims for retaliation in violation of Title VII and California's Fair Employment and Housing Act relate to her job reassignment, which occurred in May 2010.  (*See* Doc. 4 at 4; Doc. 25-10 at 1, UMF 3.)  Importantly, however, it is not clear that the Court has jurisdiction over Plaintiff's first cause of action.

Although the City did not raise the issue in its motion for summary judgment, the Court may raise the issue *sua sponte*.  *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal").  Recently, the Ninth Circuit determined the Court is "*obligated* to consider *sua sponte* requirements that go to subject-matter jurisdiction." *Kwai Fun Wong v. Beebe*, 732 F.3d

1

1030, 1035-36 (9th Cir. 2013) (emphasis added). Consequently, the Court has an obligation to assure itself that it has jurisdiction over Plaintiff's claims for violations of Title VII and FEHA.

To establish subject matter jurisdiction over a Title VII claim, a plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2004); *see also Sommatino v. United States*, 255 F.3d 704, 707-708 (9th Cir. 2001) (holding timely exhaustion of administrative remedies is a statutory prerequisite to filing suit under Title VII, and affirming the dismissal of Title VII claims for lack of jurisdiction); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) ("to establish subject matter jurisdiction over her Title VII claim, Plaintiff was required to exhaust her administrative remedies").

A plaintiff must file a charge with the EEOC within 180 days after the alleged violation, unless the complainant initially institutes proceedings with a state or local agency, in which case the EEOC charge must be filed within 300 days. 42 U.S.C. § 2000e-5(e)(1); *see also MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081-82 (9th Cir. 2006). "A claim is time barred if it is not filed within these time limits." *AMTRAK v. Morgan*, 536 U.S. 101, 109 (2002). Here, Plaintiff alleged that she filed a charge with the EEOC, but has not provided information regarding the contents of the charge, or the date it was filed. (*See* Doc. 4 at 3, ¶ 14.) If the job reassignment occurred beyond the statutory period applicable to Plaintiff's EEOC charge, it is not actionable and the Court lacks jurisdiction over the Title VII claim.

Moreover, if the Court lacks jurisdiction over the only remaining cause of action arising under federal law, it is not clear with the Court should exercise jurisdiction over Plaintiff's claim for retaliation in violation of FEHA pursuant to 28 U.S.C. § 1367. Accordingly, supplemental briefing on the matter of the Court's jurisdiction is appropriate.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's third, fourth, and fifth claims for relief are **DISMISSED**;
2. The hearing date of June 30, 2014 is **VACATED**[1];
3. The parties **SHALL** file supplemental briefing no later than **July 10, 2014**, addressing

---

[1] The Court will re-set a hearing on the motion if, after the supplemental briefs are filed, it appears argument may be helpful in determining the motion.

the issues of the Court's jurisdiction <u>in 10 pages or less</u> including:

    a.    Whether Plaintiff's first claim for relief for retaliation in violation in Title VII is time-barred; and

    b.    Whether the Court should maintain jurisdiction over the FEHA claim if it lacks jurisdiction over the Title VII claim.

4.    Any briefs in reply **SHALL** be filed by the parties no later than **July 17, 2014**.

IT IS SO ORDERED.

Dated:   **June 27, 2014**                **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE