UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN MONIZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF DELANO,<br><br>        Defendant. | Case No.: 1:13-cv-00093 - JLT<br><br><u>PRETRIAL ORDER</u><br><br>Deadlines:<br><br>Motions in Limine Filing: 12/19/14<br><br>Oppositions to Motions in Limine: 12/31/14<br><br>Trial Submissions: 1/16/15<br><br>Jury trial: 1/27/2015 |

Plaintiff Robin Moniz alleges she experienced sexual harassment while employed by the City of Delano, and was reassigned to a different position in retaliation for complaining about the harassment. Upon consideration of the Joint Pre-Trial Conference Statement filed on December 3, 2014 (Doc. 33); the parties' comments at the hearing on December 9, 2014; and the file in this case, the Court issues the following Pre-Trial Order.

**A.     JURISDICTION/ VENUE**

The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1367 (Doc. 4 at 1; Doc. 33 at 1.)  Further, Plaintiff's claims arise out of events that occurred in Delano, California. Accordingly, venue is proper in the United States District Court for the Eastern District of California sitting in Bakersfield.  *See* 28 U.S.C. § 1391.

1

**B.     JURY TRIAL**

Plaintiff included a demand for jury trial in her Complaint. (Doc. 4 at 1; Doc. 33 at 2). Thus, trial will be by jury.

**C.     UNDISPUTED FACTS**

1. The City of Delano is an incorporated city in the State of California, County of Kern, and a governmental agency.
2. At all times relevant, Mark DeRosia was the Chief of Police for the City of Delano.
3. Plaintiff is an individual.
4. Plaintiff's employment with the City began on September 28, 2009.
5. Plaintiff's last work day at the City was August 5, 2010.
6. Plaintiff's employment with the City ended November 2012.

**D.     DISPUTED FACTS**

All other facts are disputed.

**E.     DISPUTED EVIDENTIARY ISSUES**

<u>**Plaintiff's Evidentiary Issues**</u>

1. Exclusion and preclusion of witnesses who were not properly disclosed by Defendant.

<u>**Defendant's Evidentiary Issues**</u>

1. Exclusion and preclusion of Plaintiff's witnesses who were not timely or properly disclosed and for whom Plaintiff did not timely provide addresses and telephone numbers pursuant to initial disclosures or Defendant's request.
2. No reference to Defendant's motion for summary judgment and/or summary adjudication, or the Court's denial of the same. At the hearing, Plaintiff's counsel indicated he had no objection to this so the Court **ORDERS** that there will be no mention of Defendant's motion for summary judgment and/or summary adjudication, or the Court's ruling on it.
3. Exclusion of specifics regarding Aguil's alleged sexual comments. Counsel agreed at the hearing that to the extent Aguil made a statement to Plaintiff, she had a reasonable basis for believing the statement was unlawful. Thus, the Court **ORDERS** that no testimony setting forth

the details of what Aguil said will be allowed.

4. Exclusion of evidence regarding Plaintiff's inability to work.

5. Exclusion of character testimony on Plaintiff's propensity for honesty or truth-telling.

6. Exclusion of opinion testimony, whether lay or expert, on Plaintiff's propensity for honesty or truth-telling.

7. Exclusion of documents not produced during discovery.

8. Exclusion of evidence of any other lawsuits, actions, and/or complaints by others against Defendant for any cause of action.

9. Exclusion of "me too" evidence from witnesses who allege they have been mistreated by the City and/or Chief DeRosia.

10. Exclusion of testimony and evidence regarding Joanne Tijerina's allegations against the City and Chief DeRosia. Because Ms. Tijerina was not identified as a witness on either witness list, the Court **ORDERS** that she will not be permitted to testify unless for impeachment or rebuttal.

11. Exclusion of testimony and evidence regarding Elizabeth Sutton's allegations against the City and Chief DeRosia.

12. Exclusion of testimony and evidence regarding Pamela Romero's allegations against the City and Chief DeRosia.

13. Exclusion of testimony and evidence regarding Mike Fowler's allegations against the City and Chief DeRosia.

14. Exclusion of lay witnesses from the courtroom during trial. The Court **ORDERS** that all witnesses, except for the parties, will be excluded from the courtroom during the presentation of evidence.

15. Exclusion of evidence of claims not stated in Plaintiff's Complaint. The Court **ORDERS** that only evidence related to the claims set forth in Plaintiff's complaint will be admitted.

16. Exclusion of testimony from retained and non-retained experts not disclosed or properly identified pursuant to Federal Rules of Civil Procedure, Rule 26.

|   |   |   |
|---|---|---|
| 1 | 17. | Exclusion of evidence and testimony regarding acts Plaintiff considers adverse |
| 2 |  | employment actions that she did not identify in the complaint. |
| 3 | 18. | Exclusion of all documents not timely produced pursuant to Plaintiff's initial |
| 4 |  | disclosures and/or a request from Defendant, or otherwise not produced in conformance |
| 5 |  | with Federal Rules of Civil Procedure, Rule 26. |

**F.  SPECIAL FACTUAL INFORMATION**

None.

**G.  RELIEF SOUGHT**

"Plaintiff requests compensatory damages, attorneys' fees, costs of suit, and any other relief to which she may be entitled." (Doc. 33 at 4.)

**H.  POINTS OF LAW**

Plaintiff seeks to hold the City of Delano liable for retaliation for complaints she claims she made about sexual harassment in violation of Title VII and California's Fair Employment and Housing Act ("FEHA"). (*See* Doc. 4 at 4-5; Doc. 29.)  Title VII makes it unlawful "for an employer to discriminate against any of his employees . . . because [she] has opposed any practice made an unlawful employment practice by this [title] . . . or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this [title]. . . ." 42 U.S.C. § 2000e-3(a).  Similarly, under FEHA, it is unlawful "[f]or any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov't Code § 12940(h).

Claims for violations of Title VII and FEHA involve shifting burdens. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973); *Guz v. Bechtal Nat'l Inc.*, 24 Cal.4th 317, 354 (2000) ("Because of the similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent when applying our own statutes").  First, the plaintiff bears the burden to establish the elements of retaliation. *Id.* at 802; *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010).

To establish a claim for retaliation, a plaintiff must show: "(1) she engaged in an activity

4

protected by Title VII; (2) her employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Bleeker v. Vilsack*, 468 Fed. App'x 731, 732 (9th Cir. 2012); *see also Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005).

If a plaintiff establishes the elements of the retaliation, "the burden of production, but not persuasion, then shifts to the [defendant] to articulate some legitimate, nondiscriminatory reason for the challenged action." *Hawn*, 615 F.3d at 1155; *see also McDonnell Douglas Corp*, 411 U.S. at 803. If the defendant carries this burden, the inquiry does not end. Rather, the burden shifts back to the plaintiff to demonstrate the reasons proffered by defendant are pretext for the violation of Title VII and FEHA. *Id.*; *McDonnell Douglas Corp*, 411 U.S. at 805. Thus, the plaintiff has "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against her." *Reeves v. Sanderson Plumbing Products, Inc*. 530 U.S. 133, 142 (2000).

## I. ABANDONDED ISSUES

Plaintiff identifies the following claims for relief in her Complaint: (1) retaliation in violation of Title VII, 42 U.S.C. § 2000e-3; (2) retaliation for complaints about sexual harassment in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940(h); (3) retaliation for giving deposition testimony against the City in violation of FEHA; (4) disability discrimination in violation of FEHA, Cal. Gov't Code § 1294(n); and (5) violations of the Family and Medical Leave Act, 29 U.C.C § 2615(b). (Doc. 4 at 4-7.) However, Plaintiff abandoned her third, fourth, and fifth causes of action (Doc. 25 at 1), which were dismissed by the Court on June 27, 2014 (Doc. 29).

## J. WITNESSES

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

**Plaintiff anticipates calling the following witnesses:**

1. Robin Moniz
2. Anna Mendoza

3. Dr. Palencia

4. Dr. Brian Grossman

5. Dr. Hooman Melamed

6. Dr. Jeffery Hirsch

7. Dr. Froz Sheikh

8. Dr. Kirit Desai

9. Dr. Robert Faguet

10. Dr. Greg Hirokawa

11. Dr. Thomas Curtis

12. Dr. David Manno

13. Dr. Matthew Fogarty

14. Dr. Richard Fedder

15. Dr. Thinh Mai

16. Kathleen Murphy

17. Delia Serrano

18. Vickie Avila

19. Pamela Romero

20. Mark DeRosia

21. Mike Fowler

22. Eddie Aguil

23. Liz Salim

24. Noemi Zamudio

25. Officer Rodriguez

26. Raul Alvizo

27. Elizabeth Sutton

28. Patrick Duffy

**Defendant anticipates calling the following witnesses:**

1. Dr. Brian Grossman

6

|   |     |                              |
|---|-----|------------------------------|
| 1 | 2.  | Dr. Arturo Palencia          |
| 2 | 3.  | Robin Moniz                  |
| 3 | 4.  | Eddie Aguil                  |
| 4 | 5.  | Liz Salim                    |
| 5 | 6.  | Mark DeRosia                 |
| 6 | 7.  | Noemi Zamudio                |
| 7 | 8.  | Maribel Reyna                |
| 8 | 9.  | Delia Serrano                |
| 9 | 10. | Raul Alvizo                  |
|10 | 11. | Michael Fowler               |
|11 | 12. | Dave Strong                  |
|12 | 13. | Richard Williams             |
|13 | 14. | Roman Dowling                |
|14 | 15. | Adrianna Medina              |
|15 | 16. | Dr. Richard Fedder           |
|16 | 17. | Dr. Jeffrey Hirsch           |
|17 | 18. | Dr. Robert Faguet            |
|18 | 19. | Dr. Greg Hirokawa            |
|19 | 20. | Dr. Kirit Desai              |
|20 | 21. | The witnesses identified by Plaintiff |

**K.    EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

**Joint Exhibits**

1. Job description for grant funded position (#335)
2. 5/19/10 memo from DeRosia to Moniz (DE00382)

7

|   |   |   |
|---|---|---|
| 1 | 3. | 5/19/10 memo from Moniz to DeRosia (DE00383) |

**Plaintiff's Exhibits**

1. Interoffice memos (#345-349)
2. Interoffice memos (#337-344)
3. Photographs of boxes
4. Photographs of C-trains
5. Email dated 6/28/10 (#480)

**Defendant's Exhibits**

1. Plaintiff's January 13, 2013 Complaint
2. Documents regarding hiring Plaintiff (0535-536; DE00156-159)
3. New Hire Processing Sheet (DE00294-295)
4. CSO Job Description (DE00330-332)
5. City of Delano Personnel Rules and Regulations (DE00001-00124)
6. Acknowledgement of Receipt of Personnel Rules and Regulations. (DE00311)
7. 2009-2011 MOU between the City and the Central California Association of Public Employees (DE00125-DE00144)
8. Acknowledgment of Receipt of Sexual Harassment Policy and DFEH brochure (DE00309-310)
9. Plaintiff's December 12, 2009 Evaluation (DE00173-176)
10. Plaintiff's March 16, 2010 Evaluation (DE00169-172)
11. March 28, 2010 Personnel Action Form (DE00155)
12. Plaintiff's FEMA Certificates (DE00179-183)
13. April 15, 2010 Memo from Plaintiff to DeRosia regarding Certification Pay and resulting Personnel Action Form (DE00153-154)
14. Plaintiff's June 26, 2010 Evaluation (DE00165-168)
15. June 28, 2010 email from Mark DeRosia regarding Step Increase and resulting Personnel Action Form (DE00150-151)
16. June 28, 2010 emails regarding fan repair (0480)

8

| | | |
|---|---|---|
| 17. | June 28, 2010 emails regarding request for fan | |
| 18. | July 30, 2010 Grievance (DE00388) | |
| 19. | Plaintiff's August 4, 2010 Memo regarding uniform change (0481) | |
| 20. | August 4, 2010 emails between Plaintiff and DeRosia regarding work attire | |
| 21. | Plaintiff's August 4, 2010 email Mark DeRosia regarding vacation | |
| 22. | Plaintiff's August 5, 2010 email to Chief DeRosia requesting to go home | |
| 23. | Plaintiff's work report memoranda (0337-0349) | |
| 24. | August 6, 2010 report of Occupational Injury (0061) and workers' comp. form. | |
| 25. | August 2010 workers' compensation employee report of injury | |
| 26. | August 9, 2010 doctor's report of occupational injury | |
| 27. | August 9, 2010 Grievance Response (DE00389) | |
| 28. | August 2010 employee report of injury for PTSD (0370-371) | |
| 29. | August 18, 2010 workers' compensation form for PTSD | |
| 30. | August 25, 2010 doctor's note (0434) | |
| 31. | Plaintiff's August 25, 2010 Grievance (DE00390-391) | |
| 32. | September 1, 2010 response to Plaintiff's Grievance (DE00392-393) | |
| 33. | Plaintiff's September 7, 2010 Grievance Appeal (DE00394-395) | |
| 34. | Abdel Salem's September 23, 2010 Response to Plaintiff's Grievance Appeal (DE00396) | |
| 35. | Plaintiff's August 18, 2010 EEOC Intake Questionnaire (DE00440-443) | |
| 36. | Plaintiff's August 24, 2010 EEOC Notice of Charge of Discrimination (DE00444). | |
| 37. | Plaintiff's October 7, 2010 email | |
| 38. | October 12, 2010 workers' compensation documents (0274-283) | |
| 39. | Plaintiff's December 10, 2010 Deposition in *Moniz v. City of Delano* (before the Workers' Compensation Appeals Board) | |
| 40. | January 10, 2011 report regarding investigation of Plaintiff's harassment and retaliation allegations | |
| 41. | January 18, 2011 request for continuation of health benefits (DE00374) | |

|   |     |                                                                                                      |
|---|-----|------------------------------------------------------------------------------------------------------|
| 1 | 42. | January 31, 2011 letter regarding continuation of health benefits (DE00525)                          |
| 2 | 43. | February 14, 2011 Memo to Plaintiff regarding conclusion of investigation (DE00384-387)              |
| 4 | 44. | March 28, 2011 email regarding missing phone (DE00260)                                               |
| 5 | 45. | July 19, 2011 Personnel Action Form (DE00147)                                                        |
| 6 | 46. | July 8, 2011 letter regarding elimination of position (DE00251-256)                                  |
| 7 | 47. | July 22, 2011 letter regarding bumping rights and election to bump (DE00246-248)                     |
| 8 | 48. | Plaintiff's July 12, 2012 Deposition in *Sutton v. City of Delano*, et al.                           |
| 9 | 49. | November 29, 2012 Personnel Action Form (DE00146)                                                    |
| 10| 50. | November 30, 2012 Final Check Release Form (DE00145)                                                 |
| 11| 51. | Plaintiff's November 19, 2010 EEOC Complaint (0364)                                                  |
| 12| 52. | January 24, 2011 DFEH Right to sue notice (0363)                                                     |
| 13| 53. | November 13, 2012 EEOC Right to sue notice (0367).                                                   |
| 14| 54. | Plaintiff's January 17, 2013 DFEH Complaint (0058-59)                                                |
| 15| 55. | Documents reflecting disability benefits paid to Plaintiff (0385, 0400-0418)                         |
| 16| 56. | Workers' compensation wage statement for wages earned 9/28/09-8/5/10                                 |
| 17| 57. | Copies of wage checks paid to Plaintiff                                                              |
| 18| 58. | Documents regarding wages paid by City to Plaintiff from 8/2009 – 8/2010                             |
| 19| 59. | Workers' compensation summary of disability payments to Plaintiff                                    |
| 20| 60. | Plaintiff's calendar of events (0599-0603)                                                           |
| 21| 61. | Plaintiff's chronology of events                                                                     |
| 22| 62. | May 7 and 15, 2012 letters inviting Plaintiff to attend interactive process (DE00549-550)            |
| 24| 63. | May 22, 2012 Recap of interactive process meeting and List of Vacant Positions (DE00458 and 531)     |
| 26| 64. | June 28, 2012 Recap of interactive process meeting (DE0528-529)                                      |
| 27| 65. | August 15, 2012 Notice of Intent to Terminate (DE00224-233) with attachments                         |
| 28| 66. | August 20, 2012 Skelly Notice (DE00372)                                                              |

67. September 19, 2012 Invitation to interactive process meeting (DE00583-600)
68. October 5, 2012 Skelly Continuation Letter from Maribel Reyna (DE00219-223) with attachments
69. November 14, 2012 letter from Roman Dowling (DE00210-215)
70. November 27, 2012 termination letter from Maribel Reyna (0028)
71. October 27, 2011 AME Report (0146-165)
72. June 7, 2012 treating physician evaluation (0116-144)
73. August 15, 2013 AME Revaluation letter (0067-107)
74. September 27, 2010 letter regarding initial orthopedic evaluation (0166-0171)
75. October 1, 2012 treating physician progress report (0172-0189)
76. October 6, 2011 letter from Dr. Sheikh (0199-200)
77. November 23, 2011 letter from Dr. Sheikh (0194)
78. July 7, 2012 claim for disability benefits certification (0210)
79. Documents produced by Plaintiff's medical providers relating to her alleged physical and mental injuries
80. Disciplinary documents regarding Michael Fowler, to be subpoenaed for trial
81. Medical documents and workers' compensation documents to be subpoenaed for trial.

On or before **January 9, 2014**, counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examining each other's exhibits.

1. At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits. In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist. <u>Any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference.</u>

2. At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above. Joint exhibits **SHALL** be admitted into evidence without

11

further foundation.

All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.). Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The Parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered which is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|

3. As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party. Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4. Each exhibit binder shall contain an index which is placed in the binder before the exhibits. Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

5. On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Admissible but for Foundation."

6. On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled

"Other Objections."

After the exhibit conference, each counsel **SHALL** develop four complete, legible sets of exhibits.  Counsel **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to opposing counsel, no later than 4:00 p.m., on **January 16, 2014**.  Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

7. The Parties **SHALL** number each page of any exhibit exceeding one page in length.

**L.     DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

**Plaintiff anticipates offering the following discovery documents at trial**:

1. Answers to interrogatories;
2. Answers to Requests for Admissions; and
3. Depositions of witnesses who are unavailable at trial.

**Defendant anticipates offering the following discovery documents at trial**:

1. Plaintiff's Response and Supplemental Response to Defendant's Specially Prepared Interrogatories;
2. Plaintiff's Response to Defendant's Request for Admissions;
3. Plaintiff's Response to Defendant's Request for Production of Documents; and
4. Any and all depositions where necessary due to unavailability of a witness and/or for purposes of impeachment.

If either party wishes to rely upon discovery documents or deposition transcripts at trial, they SHALL lodge the original discovery requests and responses and/or the original or certified copy of the pertinent transcripts, no later than **January 16, 2015**.  If the proffering party wishes the jury to view the discovery document, only the request and response at issue may be visible on the page(s) and all

extraneous material must be redacted or the request and the response re-typed on a clean page.[1]

**M.    MOTIONS IN LIMINE**

Any party may file motions in limine.  The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial.  "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *Jonasson v. Lutheran Child and Family Services*, 115 F. 3d 436, 440 (7th Cir. 1997).  The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose.  *Id*.

**In advance of filing any motion in limine, counsel SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine.  Along with their motions in limine, the parties SHALL file a certification demonstrating counsel have in good faith met and conferred and attempted to resolve the dispute.   Failure to provide the certification may result in the Court refusing to entertain the motion.**

All motions in limine must be served on the other party, and filed with the Court, by **December 19, 2014**.  The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court, by **December 31, 2014**. The Court sets a hearing on the motions in limine on **January 12, 2015** at 9:30 a.m.  Appearances via Courtcall are authorized. The parties are reminded they may still object to the introduction of evidence during trial.

**N.    STIPULATIONS**

The parties have agreed to provide the other with 24 hours advance notification of the identities of those witnesses they intend to call at trial.

Defendant proposes that copies be permitted rather than original documents, and that the authentication of City Polices and Rules be stipulated.  (Doc. 33 at 12.)  At the hearing, Plaintiff had no objection to copies being used, as long as they are legible.  However, counsel will meet and confer

---

[1] Counsel should have at least two extra copies of the redacted version for review by the Court and opposing counsel before publication is allowed.

about the particular City policies and rules at issue to determine whether they may be admitted without an authenticating witness.

**O.  AMENDMENTS/ DISMISSALS**

None at this time.

**P.  SETTLEMENT NEGOTIATIONS**

The parties participated in a Settlement Conference with United States Magistrate Judge Gary Austin on March 17, 2014.  (Doc. 20.)  The action was not settled, and it appears the parties' positions remain unchanged.  **However, the parties are encouraged to reconsider their earlier positions to determine whether settlement can be achieved.**

**Q.  AGREED STATEMENT**

None at this time.

**R.  SEPARATE TRIAL OF ISSUES**

Plaintiff and Defendant do not anticipate the need for a separate trial regarding any of the issues presented in this matter.

**S.  ISSUES RELATED TO EXPERTS**

The Defendant suggests that impartial expert witnesses may be needed.  At the hearing, Defendant clarified that it was not seeking appointment of an impartial witness.

**T.  ATTORNEYS' FEES**

Plaintiff seeks an award of attorneys' fees.  (Doc. 4 at 7.)  Defendant is not seeking an award of attorneys' fees at this time.  (Doc. 33 at 13.)

**U.  TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **January 27, 2015**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 510 19th Street, Bakersfield, California.  Counsel have estimated that this trial will last 4-6 days.  They suggest that this estimate may be impacted by rulings on motions in limine.

V.  **TRIAL PREPARATION AND SUBMISSIONS**

**1.  Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party

wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **January 16, 2015.**

### 2. Jury Voir Dire

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **January 16, 2015.**

### 3. Statement of the Case

The parties **SHALL** and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **January 16, 2015**. The Court will consider the parties' statements but, as necessary, will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

### 4. Jury Instructions

The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **December 19, 2014**. The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **December 31, 2014**. At the conference, the parties **SHALL** attempt to reach agreement on jury instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and verdict form no later than **January 16, 2015**, and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail a copy of the joint jury instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

**If and only if, the parties after genuine, reasonable and good faith effort** cannot agree upon certain specific jury instructions and verdict form, the parties shall file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **January 9, 2015**, and identify such as the disputed jury instructions and verdict forms. **Along with their disputed instructions, the parties SHALL file a certification demonstrating counsel have in good faith met and conferred and attempted to resolve the dispute. Failure to provide the certification may result in the Court refusing to consider the disputed instruction or verdict form.** At the same time, the parties **SHALL** lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible. All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the complete text of the instruction, and the legal authority supporting the instruction. Each instruction **SHALL** be numbered.

**W.     OBJECTIONS TO PRETRIAL ORDER**

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions. Only through this process will the Court consider modifications to the pretrial order.

**X.     MISCELLANEOUS MATTERS**

None.

**Y.     COMPLIANCE**

Strict compliance with this order and its requirements is mandatory. All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:     **December 9, 2014**                    **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE